UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LONDON FOG GROUP, INC.,
PACIFIC TRAIL, INC.,

        Plaintiffs,

        v.                        Case No. 07-C-0849

KOHL'S DEPARTMENT STORES, INC.,

        Defendant.

ORDER DENYING PETITION FOR REINSTATEMENT
OR FOR LEAVE TO REFILE COMPLAINT

The complaint in this case was filed on March 23, 2007, in the District of Nevada Bankruptcy Court. Defendant Kohl's Department Stores, Inc. moved to dismiss. The bankruptcy court denied that motion and transferred the case to this court in an order entered August 16, 2007. For reasons that are unknown, this court did not receive the case immediately and the case was not docketed until September 19, 2007. (Doc. #23.) On that date, the clerk assigned the above-referenced case number, and directed the parties to file a magistrate judge consent/refusal form within twenty days and a certificate of interest within ten days. (Doc. #24.) The clerk's letter was addressed to Kohl's counsel, Janet Chubb, at Jones Vargas and London Fog's counsel, Brian Jennings, at Perkins Coie LLP, 1201 3rd Avenue, 40th floor, Seattle, Washington 98101. (*Id.*)

Initially, this case was assigned to Magistrate Judge Aaron E. Goodstein. However, on September 21, 2007, the case was reassigned to this judge. The docket reflects that notice of the case reassignment was sent via U.S. mail to attorneys Chubb and Jennings on September 21, 2007. (Doc. note of 8/21/07.) The CM/ECF printout of the

mailing notice reflects that the reassignment notice was mailed to Brian Jennings at Perkins Coie LLP, 1201 3rd Ave., 40th floor, Seattle, WA 98101.

Apparently, Chubb received the clerk's letter regarding the docketing of the case and the consent form, as Kohl's filed its consent form and a notice of attorney substitution on October 2, 2007. The certificate of service at the end of the notice of attorney substitution contains the sworn statement of Kohl's attorney, Louis Bubala, that on October 1 he mailed a copy of the attorney substitution filing to each of Brian Jennings and Alan Smith at Perkins Coie LLP, 1201 Third Ave., Ste. 4800, Seattle, WA 98101-3099. The notice of attorney substitution mailed to Jennings and Smith contained a caption referencing the above case number in this district, thus informing any reader that the case had been processed by the clerk in the Eastern District of Wisconsin.

Surprisingly, other than the filing of the consent form and attorney substitution by Kohl's, neither party took action in this case. Kohl's did not file an answer or a certificate of interest, nor did London Fog file the consent form, a certificate of interest, or any attorney appearance in the case. One result of the failure to file any appearance is that counsel does not receive electronic notification of docket entries in the case; any court orders or letters are mailed instead.

On November 7, 2007, in light of the inaction in the case, this court issued a twenty-one-day warning under Civil L.R. 41.2 that the case would be dismissed because London Fog had not moved for default judgment. In addition, the court noted that under Civil L.R. 41.3 London Fog was not prosecuting the action diligently. In particular, London Fog had failed to file the consent form and a certificate of interest. Civil L.R. 41.3 states

2

Case 2:07-cv-00849-CNC    Filed 04/24/08    Page 2 of 6    Document 42

that any party affected by a dismissal under that rule can move for reinstatement within twenty days.

Still, London Fog took no action in the case. Therefore, on November 30, twenty-three days after the court issued its warning, judgment was entered and the case was dismissed.

On December 18, 2007, London Fog filed a petition for reinstatement or, in the alternative, for leave to refile its complaint. (Doc. #31, #40.) As support for the motion, London Fog filed a brief and five affidavits of Perkins Coie attorneys and staff members. In all of these affidavits, the Perkins Coie attorneys and staff members say that none of them received either (1) the clerk's letter of September 19 noting the opening of the district court case and directing the filing of the completed consent/refusal form and certificate of interest, or (2) this court's November 7 warning order.

In addition, attorney Harry Schneider says that he had spoken with staff in the E.D. Wisconsin Bankruptcy Court clerk's office around October 4 about a hearing in that court being canceled (because the file had been sent to the district court), that he was told by that office that he would later receive word from the district court, and that he first learned of the dismissal of the present case on December 12, 2007, when he called the district court clerk's office to check on the status of the case. Three of the affiants state that they first learned of the dismissal of this case on December 12 as a result of Schneider's inquiries. As it turns out, a copy of this court's November 30 judgment was sitting in Jennings' in-box on December 12, although he had not yet seen it. It had been stamped "received" on December 7 by Jennings' secretary.

The court finds no sufficient reason to reopen this case. The five affidavits address the affiants' lack of receipt of the September 19 letter from the clerk's office and the November 7 warning order from this court. The September 19 letter apparently was received by Chubb, so it is unlikely that an error occurred in the clerk's office regarding sending an identical letter to Jennings. The November 7 order required a special notice on the docket by this court's chambers staff, again making it unlikely that the mailing was overlooked.

Importantly, even if this court were to believe that the U.S. Postal Service could fail to deliver two items of correspondence from this court to Perkins Coie in Seattle, *none* of the affiants swears that the *other three* items from this case mailed to Perkins Coie were not received. On September 21, 2007, the district court clerk's office mailed to Jennings a notice of case reassignment from Magistrate Judge Goodstein to this judge. Then, on October 1, counsel for Kohl's mailed the notice of attorney substitution to *both* Jennings and Smith. This court is unpersuaded that five different pieces of mail, sent from two different people in this building in Milwaukee and Kohl's counsel in Reno, Nevada, all failed to arrive at Perkins Coie in Seattle. If Perkins Coie attorneys and staff members failed to receive any of the five pieces of mail, the problem appears to be on the incoming rather than the outgoing side.

Further, the court finds no good cause or excusable neglect regarding the failure of counsel for London Fog to check on the status of this case until December 12, 2007. The Nevada bankruptcy court ordered the case transferred in August 16, 2007. As of October 4, Schneider knew the case file had arrived in Milwaukee, albeit in the bankruptcy clerk's office rather than the district court clerk's office. Those offices are

4

separate, such that the staff members would not communicate information such as the name of an attorney who is not listed on the docket and has not filed a notice of appearance, yet they are located in the same building. Notwithstanding his knowledge on October 4 that the case file had been sent by the E.D. Wisconsin bankruptcy court to the E.D. Wisconsin district court, Schneider failed to check on the case for over two months.

The court notes that there is a slight discrepancy in the record regarding Perkins Coie's addresses. The complaint in the Nevada bankruptcy court states that Perkins Coie is located in suite 4800, which is presumably the 48th floor, while the docket from the Nevada bankruptcy court's adversary proceeding 07-05066 indicates Perkins Coie is on the 40th floor. Perkins Coie may be on both the 40th and 48th floors. But if it is not, it was up to Perkins Coie attorneys to make sure the law firm's address was correct on the Nevada docket, which is what court staff here used as the address for Jennings's mail. In any event, although the court's correspondence was sent to the 40th floor, the correspondence from Kohl's attorney was sent to the 48th floor, so something should have arrived at the Perkins Coie offices. Plus, the court believes that a postal carrier who has brought mail addressed to a large firm like Perkins Coie as far as the correct building in Seattle would likely get it to the firm regardless of whether the 40th or the 48th floor was indicated.

For all of these reasons, the petition for reinstatement of the case is denied. As an alternative, London Fog asks for permission to refile its complaint. No such permission is needed before the filing of a new complaint; London Fog can proceed as may be appropriate.[1]

---

[1] In fact, London Fog recently filed case number 08-C-251.

5

For the above-stated reasons,

IT IS ORDERED that London Fog's petition for reinstatement or for leave to refile its complaint is denied.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge